UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNEILO VILLEGAS,

       Plaintiff,                CIVIL ACTION NO. 06-13625

  v.                           DISTRICT JUDGE AVERN COHN

                                 MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendant's Motion for Summary Judgment should be **GRANTED**, and the Complaint **DISMISSED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 31, 2003, alleging that he had become disabled and unable to work on August 15, 1998, at age 29, due to the residual effects from renal cancer, migraine headaches, mental depression and a learning disability[1]. Benefits were denied

---

[1] Plaintiff filed prior applications for DIB and SSI benefits alleging the same disability as the present application (TR 58-60), which were denied by the SSA and not pursued further (TR 15). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (December 3, 1999). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v.

by the Social Security Administration. A requested de novo hearing was held on January 4, 2005, before Administrative Law Judge (ALJ) Richard Sasena. The ALJ found that the claimant retained the residual functional capacity to perform a restricted range of sedentary work. The ALJ determined that Plaintiff was limited to simple, repetitive job duties that did not involve much interaction with the public and co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The Commissioner (only) has filed a Motion for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

      Plaintiff, who waived to his right to representation, was 38 years old at the time of the administrative hearing (TR 308). He had an eleventh grade education, and had been employed during the relevant past as an automotive assembler, general laborer and stock clerk (TR 77, 80-82, 309). As an assembler of water pumps, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 81). Claimant was unable to return to work after being diagnosed with renal cancer following a lengthy history of alcohol dependence (TR 202, 227, 229, 310).

      Claimant testified that he has not had any alcohol since a malignant tumor was successfully removed from his kidney in

---

Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

December 2005 (TR 313). Other impairments which allegedly prevented claimant from returning to work included migraine headaches and mental depression (TR 311-312, 314-315). The migraine headaches sometimes lasted up to two hours (TR 314). He did not take any medications for the headaches, but was able to relieve the pain by lying down and going to sleep (TR 314-315). The claimant was not under the regular care of a mental health professional for depression, but was prescribed anti-depressant medications. Plaintiff did not take the medications as instructed because he disliked taking pills (TR 311-312). Claimant was able to care for his personal and household needs, but he claimed that his exertional abilities had been reduced since his recent surgery (TR 318). Plaintiff's wife testified that her husband's mood swings made him avoid other people (TR 320). The mood swings often caused the migraine headaches, according to the wife, and the claimant often turned to alcohol to gain pain relief (TR 320).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as medium to heavy, unskilled activity (TR 324). Assuming the claimant retained the residual capacity for sedentary work, the witness testified that there were numerous unskilled jobs that he could perform with minimal vocational adjustment (TR 325). These jobs did not require performing complex tasks, and did not involve direct contact with the public or co-workers (TR 325).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of status post partial nephrectomy, a learning

disorder, an anti-social personality disorder, alcohol dependence and migraine headaches, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's learning disorder limited him to simple jobs that did not require more than a few steps in the completion of assigned tasks. The Administrative Law Judge determined that Plaintiff could have only occasional interaction with co-workers. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. <u>Kirk</u>, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling physical and mental impairments.

Plaintiff successfully underwent surgery in December 2005, to remove a cancerous tumor from one of his kidneys. In a report dated December 16, 2005, claimant's oncologist stated that there were no signs that the cancer had spread to other parts of the body. The doctor was unable to make any prediction regarding the risk of recurrence, but he promised to monitor claimant every 6 months with a variety of diagnostic tests (TR 223-225). The oncologist did not place any physical restrictions upon claimant while he recovered from the surgery.

5

The medical record reveals that Plaintiff has not been under the regular care of any physician for either his depression or his migraine headaches. The claimant testified that he had once been prescribed medication for the depression, but he explained that he did not take it because he did not like swallowing pills (TR 312). Prior to the detection of his renal cancer in December 2005, Plaintiff testified that he was able to do many things and led a fairly normal life for someone who was unemployed. Plaintiff was able to perform most household repairs and perform outside yard work, including mowing the lawn (TR 318). The claimant was so active that he required emergency room treatment in December 2004 for injuries suffered in a sledding accident (TR 243). He returned to the emergency room six months later after injuring his ribs while moving furniture (TR 249).

While intelligence tests showed that claimant had a borderline range of intellectual functioning, his wife testified that he was unable to hold a job because he had difficulty getting along with others (TR 319). The ALJ took into consideration claimant's below average intelligence and anti-social behavior by limiting him to simple jobs that did not require much interaction with co-workers. The ALJ's decision was consistent with the specific limitations imposed by the treating physicians. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his emotional difficulties were not fully credible.

When evaluating Plaintiff's mental residual functional capacity, the Administrative Law Judge took into consideration the opinion of Dr. Julia Crowther, Ph. D., a state agency physician, who reviewed claimant's medical record in July 2003. The consulting physician set forth limitations that were consistent with the ability to perform sedentary work, and which were taken into account by the ALJ in his decision (TR 204-206).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical

7

question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled jobs that he could perform with minimal vocational adjustment (TR 325). These jobs did not require performing complex tasks, and did not involve direct contact with the public or co-workers (TR 325). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to

Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: January 08, 2007

cc:  Honorable Avern Cohn
     Corneilo Villegas
     Janet Parker